FILED

2025 Apr-21  AM 11:22
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | |
|---|---|
| **MACHELLE BURTON GILES et al.,** } | |
| } | |
| **Plaintiffs,** } | |
| } | |
| **v.** } | **Case No.:  7:24-cv-00385-RDP** |
| } | |
| **BERLANDA C. ULYSSE et al.,** } | |
| } | |
| **Defendants.** } | |

### MEMORANDUM OPINION & ORDER

This case is before the court on Defendants' Motion to Strike or, in the Alternative, to Extend Case Deadlines and for a Continuance of the Trial. (Doc. # 31). The Motion (Doc. # 31) has been fully briefed (Docs. # 31, 35, 36) and is now ripe for a decision. For the reasons discussed below, the Motion to Strike (Doc. # 31) is due to be granted in part and denied in part.

**I.      Background**

This case involves claims related to a car accident on October 9, 2022 between a tractor-trailer rig and Plaintiffs' vehicle, which occurred on Interstate 59. (Docs. # 1 ¶ 5; 1-1 ¶¶ 7-9). Plaintiffs filed a complaint in Tuscaloosa County Circuit Court. (Doc. # 1-1). The complaint was removed to federal court based on diversity jurisdiction. (Doc. # 1 ¶ 10).

Plaintiffs seek damages for various injuries resulting from the accident, and there are disputes over liability for the accident and Plaintiffs' alleged injuries and medical treatment (including future treatment). The Scheduling Order in this case was amended on January 24, 2025 to specify that Plaintiffs' expert designations were due on or before March 10, 2025 and Defendants' expert designations were due on or before April 9, 2025. (Doc. # 29).

On March 10, 2025, Plaintiffs served expert disclosures that, among other things, identified Dr. Michael Venezia as Plaintiff Machelle Giles's "Life Care Planner/Medical Care Planner," and further stated that Dr. Venezia would "testify in the areas of life care/future medical planning and vocational abilities," "Ms. Giles's future medical costs," and the "future medical and rehabilitative services needed to care for Ms. Giles over her remaining life expectancy." (Doc. # 31-1 at 1-2). Plaintiffs wrote that they "will supplement this disclosure with the Narrative Projected Medical Cost Report; the records reviewed for the Projected Medical Cost Report; the Projected Medical Costs Tables; and a statement of compensation to be paid for his work upon receipt." (*Id.* at 2).

Defendants moved the court to strike Plaintiffs' designation of Dr. Venezia as an expert witness and preclude Plaintiffs from calling Dr. Venezia at trial, stating that Plaintiffs' March 10 disclosure was incomplete under Rule 26(a)(2)(B) because it did not contain a signed expert report, Dr. Venezia's opinions, a statement of compensation to be paid, or a list of other cases within the past four years in which Dr. Venezia testified as an expert. (Doc. # 31 at 1-3). Alternatively, Defendants have asked for an extension of deadlines and a continuation of the trial date. (*Id.* at 1).

Plaintiffs have responded that they "requested a Life Care Plan from Dr. Venezia upon receiving medical records from Plaintiff Giles's treating physician," and that "[a]t the time of the deadline for Plaintiffs' Expert Disclosures, Plaintiffs were not in receipt of Dr. Venezia's expert report." (Doc. # 35 ¶¶ 2-3). Plaintiffs also stated that they were "not yet in possession of Dr. Venezia's report; however, Counsel intends to supplement Plaintiffs' Expert Disclosure with the same immediately upon receipt." (*Id.* ¶ 5). Plaintiffs indicated that they anticipate receiving the report within sixty days, or by June 10, 2025. (*Id.* ¶ 6).

## II.    Standard of Review

Regarding expert disclosures, the Federal Rules of Civil Procedure require that:

Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report – prepared and signed by the witness – if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony.

The report must contain:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the facts or data considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B).

## III.    Analysis

Although Defendants are correct that Plaintiffs' expert disclosures provided on March 10, 2025 are incomplete under Rule 26(a)(2)(B), the court declines to strike Plaintiffs' designated expert Dr. Venezia. Rule 26(a)(2)(B) includes an exception: "[u]nless otherwise stipulated or ordered by the court." Fed. R. Civ. P. 26(a)(2)(B). This language reflects the district court's broad discretion over discovery matters. *See, e.g.*, *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001) (citing *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997); *United States v. McCutcheon*, 86 F.3d 187, 190 (11th Cir. 1996)). This case was removed to federal court in March 2024, and to the court's knowledge, there has been no other indication from either party of inordinate delay or unresponsiveness to court-ordered deadlines. Additionally, Plaintiffs' expert disclosures specifically noted that they "will supplement this disclosure with the Narrative Projected Medical Cost Report; the records reviewed for the Projected Medical Cost Report; the Projected Medical Costs Tables; and a statement of

compensation to be paid for his work upon receipt." (Doc. # 31-1 at 2). Plaintiffs have also explained to the court why Dr. Venezia has not yet produced his expert report – they needed to first obtain medical records from Plaintiff Giles's treating physician. (*See* Doc. # 35 ¶¶ 2-3).

These circumstances are unlike those involved in the case Defendants cites, *Wilson v. City of Tuscaloosa, Alabama*, 2004 WL 5628828 (N.D. Ala. Jan. 5, 2005). In *Wilson*, the scheduling order had required full expert disclosures by November 1, 2002. *Id.* at *1. Despite that deadline, by April 1, 2003, the expert witness disclosures had still not been made. *Id.* at *2. Therefore, in January 2004 – over a year after the original deadline – the court held that the party in question was not in compliance with Rule 26 and that the expert would be precluded. *Id.* In the instant case, Plaintiffs are only one month overdue in filing complete expert disclosures, have given good cause for their delay in providing expert disclosures, and have requested an additional two months for completing such disclosures. This is a far cry from the year-plus-long delay in providing full expert disclosures in *Wilson*.

Additionally, it bears repeating that this – like other discovery and pre-trial scheduling matters – is a matter that is subject to the district court's broad discretion. *See Johnson*, 263 F.3d at 1269. The court here exercises its discretion to grant additional time for Plaintiffs to provide complete expert disclosures. This decision rests on several factors, including a desire that this case be tried on its merits rather than on scheduling technicalities, as well as the court's expectation that the parties will work together without court intervention to resolve minor discovery issues in the future.

Of course, if Plaintiffs do not comply with the time limits as set out in this order, the court may revisit the question of striking Dr. Venezia as an expert witness and precluding Plaintiffs from relying on his testimony at trial. But at this time, and in particular because the court has no

knowledge of any repeated problems with either party complying with court-ordered deadlines, it is not necessary to preclude Plaintiffs from the benefit of Dr. Venezia's testimony.

## IV.    Conclusion

For the reasons stated above, Defendants' Motion (Doc. # 31) is due to be granted in part and denied in part. Plaintiffs **SHALL** correct the deficiencies in their incomplete expert disclosure of Dr. Venezia on or before **June 10, 2025**. These deficiencies include a failure to provide a signed expert report of Dr. Venezia containing his opinions and the facts or data considered by Dr. Venezia in forming his opinions, a statement of compensation to be paid for his report and testimony, and a list of Dr. Venezia's previous testimony at trial or by deposition during the past four years. If Plaintiffs do not correct such deficiencies, Defendants may reassert their arguments for striking Dr. Venezia's testimony at the appropriate time. All other future deadlines (as well as the past April 9, 2025 deadline for Defendants' expert designation) are **EXTENDED** as follows: Defendants' expert designations (or any amendments thereof) are due on or before **July 10, 2025**; supplementation of disclosures and discovery are due on or before **July 28, 2025**; completion of discovery is due on or before **August 27, 2025**; a joint status report is due on or before **September 3, 2025**; and dispositive motions are due on or before **September 10, 2025**.

**DONE** and **ORDERED** this April 21, 2025.

**R. DAVID PROCTOR**
CHIEF U.S. DISTRICT JUDGE